IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **COREY COOK** | * |
| Plaintiff | * |
| v. | * Civil No. **PJM 13-2165** |
| **RHP PROPERTY NH, LLC, et al.** | * |
| Defendants | * |

## MEMORANDUM OPINION

Defendant RHP Property NH, LLC removed this action from the Circuit Court for Prince George's County based on diversity jurisdiction. After amending his Complaint to dismiss several Defendants, Plaintiff Cook filed a Motion to Remand and Memorandum of Law (Paper No. 16). RHP Property NH, LLC filed an Opposition to Plaintiff's Motion to Remand and Motion for Leave to Amend Notice of Removal (Paper No. 19). For the reasons that follow, the Court's ruling on the Motion to Remand is **DEFERRED** and the Motion for Leave to Amend Notice of Removal is **GRANTED**.

### I.

### A.

Federal district courts have "original jurisdiction" of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by a defendant to the federal district court where such action is pending. 28 U.S.C. § 1441(a). A civil action removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b).

1

With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Id.* (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004)). In the context of a limited partnership, citizenship is determined by the citizenship of all of its partners, both general partners and limited partners. *Schaftel v. Highpointe Bus. Trust*, CIV.A. WMN-11-2879, 2012 WL 219511, at *1 (D. Md. Jan. 24, 2012) (citing *New York State Teachers Retirement Sys. v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir.1985)).

**B.**

Cook argues that RHP Property NH, LLC has not met its burden of proving diversity jurisdiction because the Notice of Removal's statement of jurisdiction is deficient. Specifically, Cook contends that RHP Property NH, LLC must do more than state the citizenship of the LLC without providing the citizenship of each of its members and sub-members. In response, RHP Property NH, LLC relies on 28 U.S.C. 1446(a)'s requirement of a "short and plain statement of the grounds for removal" to argue that its Notice of Removal is sufficient because it performed the analysis of citizenship of each of its members, and provided the citizenship of the LLC in the Notice of Removal. The Court agrees with Cook.

Where a removal notice fails to make the basis for federal jurisdiction sufficiently clear and does not contain enough information for the district judge to determine whether jurisdiction exists, it is defective. *Covert v. Auto. Credit Corp.*, CIV. JKB-13-1928, 2013 WL 5104862, at *3

(D. Md. Sept. 12, 2013) (citing 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3733 (4th ed.)).

In the case of an LLC seeking to remove, it "must identify the citizenship of each of its members as of the date the notice of removal was filed, and, if those members have members, the citizenship of those members as well . . . . [T]he court [cannot] take on faith the lawyer's blanket declaration that the partners are citizens of another state." *Joy Family Ltd. P'ship v. United Fin. Banking Companies, Inc.*, CIV.A. ELH-12-3741, 2013 WL 4647321, at *15 (D. Md. Aug. 28, 2013) (citing *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007)).

According to the Disclosure of Affiliations, RHP Property NH, LLC has one member – RHP Hotels, LLC. RHP Hotels, LLC has one member, RHP Hotel Properties, LP. The general partner of that entity is RHP Partner, LP and the limited partner is RHP Partner, LLC. RHP Partner, LLC's sole member is Ryman Hospitality Properties, Inc. RHP Property NH, LLC alleges that Ryman Hospitality Properties, Inc.'s state of incorporation is Delaware, and principal place of business is Tennessee.

As far as it goes, the citizenship of RHP Property NH, LLC is Delaware and Tennessee. But as Cook correctly points out, missing from the Disclosure of Affiliations, the Notice of Removal, and even more significantly, the proposed Amended Notice of Removal[1] is the membership and citizenship of RHP Hotel Properties, LP's general partner, RHP Partner, LP. Defendants must allege the citizenship of *both* RHP Partner, LP (the general partner) and RHP Partner, LLC (the limited partner). The same is true for Opryland Hospitality, LLC. Without the citizenship of each of Defendants' members, the Court cannot determine whether there is complete diversity.

---

[1] RHP Property NH, LLC filed an Amended Notice of Removal (Paper Nos. 19-1 and 19-2) with Defendant's Opposition to Plaintiff's Motion to Remand and Motion for Leave to Amend Notice of Removal (Paper No. 19).

## C.

Cook further asserts that RHP Property NH, LLC must provide proof of the citizenship of each of the LLC's members and sub-members beyond the allegations in the Notice of Removal to meet its burden.

Section 1446(a) requires that a Notice of Removal contain only "a short and plain statement of the grounds for removal" and that it be "signed pursuant to Rule 11." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008). While the notice of removal is not a pleading as defined by Federal Rule of Civil Procedure 7(a), this language in § 1446(a) is deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure." *Ellenburg*, 519 F.3d at 199 (4th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Covert*, 2013 WL 5104862 at * 2. Therefore, "just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that [the matter in controversy exceeds jurisdictional minimums] . . . so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." *Ellenburg*, 519 F.3d at 200. Of course, on a challenge of jurisdictional allegations, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *Ellenburg*, 519 F.3d at 200 (citing *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). But this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint. *Ellenburg*, 519 F.3d at 200.

RHP Property NH, LLC's resistance to providing the individualized citizenship of each of its members suggests to the Court that RHP Property NH, LLC should have to not only

specify the citizenship of each, but should also provide appropriate evidence as to such citizenship through affidavits and the like.

## II.

The remaining question is whether remand is proper, or whether RHP Property NH, LLC should be granted leave to Amend its Notice of Removal. "Despite the strict construction of removal statutes, it is not always necessary for a federal court faced with a technically defective removal petition to remand the case to state court." *Molnar-Szilasi v. Sears Roebuck & Co.*, 429 F. Supp. 2d 728, 730 (D. Md. 2006). In certain cases, courts allow amendment of removal petitions where the imperfection in the jurisdictional allegation is a "mere technical defect." *Molnar-Szilasi*, 429 F. Supp. at 730. While the court will not grant leave to amend a removal petition outside of the 30-day removal period when a jurisdictional allegation is missing entirely, where the alleged imperfection in the petition is a mere technical defect, courts will permit a party to amend and cure the deficiency. *Id.*

The Court finds that the defects in the Notice of Removal and Proposed Amended Notice of Removal are technical, and amendment should be permitted. RHP Property NH, LLC must cure the defect by filing a *new* Amended Notice of Removal. Upon receipt of the Amended Notice of Removal, the Court will make a determination as to the Motion to Remand.

## IV.

For the foregoing reasons, the Court **DEFERS** Cook's Motion to Remand to State Court and **GRANTS** RHP Property NH, LLC's Motion to Amend the Notice of Removal. The Court **GRANTS** RHP Property NH, LLC **45 days** to amend the Notice of Removal consistent with this Opinion.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

October 17, 2013