IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| COREY COOK | * | |
| --- | --- | --- |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 13-2165** |
| RHP PROPERTY NH, LLC, et al. | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Defendant RHP Property NH, LLC removed this action from the Circuit Court for Prince George's County based on diversity jurisdiction. After amending his Complaint to dismiss several Defendants, Plaintiff Cook filed a Motion to Remand and Memorandum of Law (Paper No. 16). RHP Property NH, LLC filed an Opposition to Plaintiff's Motion to Remand and Motion for Leave to Amend Notice of Removal (Paper No. 19). The Court deferred ruling on the Motion to Remand and granted the Motion for Leave to Amend Notice of Removal. After RHP Property NH, LLC filed its Amended Notice of Removal (Paper No. 34), Cook filed Plaintiff's Motion to Conduct Limited Discovery on the Issue of Defendants' Entitlement to Federal Jurisdiction if Plaintiff's Motion for Remand Is Not Granted Based Solely on the Pleadings (Paper No. 36). For the reasons that follow, Plaintiff's Motion to Remand and Memorandum of Law (Paper No. 16) is now **DENIED** and Plaintiff's Motion to Conduct Limited Discovery on the Issue of Defendants' Entitlement to Federal Jurisdiction if Plaintiff's Motion for Remand Is Not Granted Based Solely on the Pleadings (Paper No. 36) is also **DENIED.**

1

## I.

### A.

Federal district courts have "original jurisdiction" of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by a defendant to the federal district court where such action is pending. 28 U.S.C. § 1441(a). A civil action removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b).

With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Id.* (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004)). In the context of a limited partnership, citizenship is determined by the citizenship of all of its partners, both general partners and limited partners. *Schaftel v. Highpointe Bus. Trust*, CIV.A. WMN-11-2879, 2012 WL 219511, at *1 (D. Md. Jan. 24, 2012) (citing *New York State Teachers Retirement Sys. v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir.1985)).

### B.

In its October 17, 2013 Memorandum Opinion (Paper No. 32) and Order (Paper No. 33), the Court deferred Cook's Motion to Remand and granted RHP Property NH, LLC leave to

amend the Notice of Removal. The Court found that RHP Property NH, LLC's Notice of Removal was deficient because "missing from the Disclosure of Affiliations, the Notice of Removal, and even more significantly, the proposed Amended Notice of Removal" filed with the Motion for Leave to Amend was

> the membership and citizenship of RHP Hotel Properties, LP's general partner, RHP Partner, LP. Defendants must allege the citizenship of *both* RHP Partner, LP (the general partner) and RHP Partner, LLC (the limited partner). The same is true for Opryland Hospitality, LLC. Without the citizenship of each of Defendants' members, the Court cannot determine whether there is complete diversity.

Mem. Op. at 3, October 17, 2013, ECF NO. 32. The Court ordered RHP Property NH, LLC to specify the citizenship of each of its members and to "provide appropriate evidence as to such citizenship through affidavits and the like." *Id.* at 4-5.

RHP Property NH, LLC has filed an Amended Notice of Removal and accompanying affidavit from an executive director that clearly sets forth the membership and citizenship of both Defendants. According to the Amended Notice of Removal and Affidavit, the sole member of RHP Property NH, LLC is RHP Hotels, LLC. The sole member of RHP Hotels, LLC is RHP Hotel Properties, LP. The sole Limited Partner of RHP Hotel Properties, LP is RHP Partner, LLC, and the Sole General Partner of RHP Hotel Properties, LP is Ryman Hospitality Properties, Inc. The Sole Member of RHP Partner, LLC is also Ryman Hospitality Properties, Inc. Ryman Hospitality Properties, Inc. is a Delaware corporation, with its principal place of business in Tennessee.

According to the Amended Notice of Removal and Affidavit, Defendant Opryland, Hospitality, LLC has the same membership as RHP Property NH, LLC because its sole member is also RHP Hotels, LLC.

The Amended Notice of Removal provides the information that was missing from the earlier Notice of Removal.[1] The Notice of Removal and the accompanying Affidavit from an executive director provide sufficient information as to the citizenship of Defendants, in compliance with the Court's October 17, 2013 Opinion and Order.

The end of the chain (for both defendants) is one entity: Ryman Hospitality Properties, Inc. Therefore, both Defendants are citizens of Delaware and Tennessee because Ryman Hospitality Properties, Inc. is a Delaware corporation with its principal place of business in Tennessee. Because Cook is a citizen of Virginia, complete diversity exists between the parties. Both parties agree that the amount in controversy exceeds $75,000. Accordingly, the Court is satisfied that it has jurisdiction over this action.

### C.

Cook argues that RHP Property NH, LLC has not met its burden of proving diversity jurisdiction because an affidavit from an executive director is insufficient to establish citizenship. Cook suggests that RHP Property NH, LLC is actually a citizen of Maryland, and seeks additional jurisdictional discovery to establish RHP Property NH, LLC's true citizenship. Cook bases his assertion that discovery would be useful on the SDAT record that indicates that RHP Property NH, LLC's principal place of business is in Maryland. But case law (fully briefed in the Motion to Remand, and conceded by *both parties)* is clear that the citizenship of an LLC is the place of incorporation and the principal place of business of its *members*, not the principal place of business of the LLC.

---

[1] The earlier documents alleging citizenship contain an error in the chain of ownership, which was likely the basis for confusion in determining the citizenship of Defendants. The Disclosure of Affiliations and Financial Interest (Paper No. 10) and the Proposed Amended Notice of Removal (Paper No. 19-2) state that the general partner of RHP Hotel Properties, LP was RHP Partner, LP. According to the Amended Notice of Removal, however, the general partner is actually Ryman Hospitality Properties, Inc.

Further, as Defendants point out, any information that Cook would seek in discovery is publicly available or would be duplicative of the affidavit. Jurisdictional discovery would be unnecessary and wasteful.

## II.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and Memorandum of Law (Paper No. 16) and **DENIES** Plaintiff's Motion to Conduct Limited Discovery on the Issue of Defendants' Entitlement to Federal Jurisdiction if Plaintiff's Motion for Remand Is Not Granted Based Solely on the Pleadings (Paper No. 36).

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**January 2, 2014**